UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH COLVIN, JR.,

   Plaintiff,         Case No. 1:15-cv-70

v               HON. JANET T. NEFF

DANIEL H. HEYNS et al.,

   Defendants.
_____/

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging claims of retaliation, excessive force, failure to protect, and state law assault and battery.  Defendants and Plaintiff each filed a motion for summary judgment, arguing that there were no genuine issues for trial (Pl. Mot., Dkt 57; Def. Mot., Dkt 49).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 87), recommending Plaintiff's motion be denied on all issues and Defendants' motion be granted on the retaliation and failure to protect claims, but denied on the remaining claims.  The matter is presently before the Court on Plaintiff's and Defendants' objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has considered de novo those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

## I. Plaintiff's Objections

First, Plaintiff "once again objects" to the lack of discovery of the wall-mounted prison video, and "the Court['s failure] to have the Defendants submit to the Court both wall mounted video footage [sic], in order for the Court to view them, to determine what actually occurred in the above entitled matter" (Pl. Objs., Dkt 89 at PageID.552). Plaintiff's same "objection" has been raised in the form of a renewed motion, which is pending before the Court (Dkt 91). Plaintiff asserts that the video would support his version of the facts (Pl. Objs., Dkt 89 at PageID.552), and entitle him to summary judgment. Plaintiff's general assertions do not constitute proper objections. *See* W.D. Mich. LCivR 72.3(b) (a party "shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made).

In any event, Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Plaintiff had ample opportunity to conduct discovery and respond to Defendants' Motion for Summary Judgment by presenting his version of the facts. *Routman v. Automatic Data Processing, Inc.*, 873 F.2d 970, 971 (6th Cir. 1989). The Magistrate Judge properly considered all evidence presented to the Court. The Magistrate Judge found neither party entitled to summary judgment of the excessive force claim. Plaintiff's assertions that the wall-mounted video would be conclusive as to his legal claims is based solely on his speculation. This objection is without merit.

Second, Plaintiff asserts that the "Magistrate Judge incorrectly concluded that the Plaintiff had failed to present any evidence contradicting or otherwise creating a dispute regarding the[] particular assertions involving his retaliation claims" (Pl. Objs., Dkt 89 at PageID.553; R&R, Dkt 87 at PageID.536-537). Plaintiff contends that he was engaged in protected activity when he "made

2

his verbal complaint to [Defendants'] supervisor" (Pl. Objs., Dkt 89 at PageID.554). This assertion is inconsequential. The Magistrate Judge's conclusion relied not upon whether Plaintiff was engaged in protected activity under the First Amendment, but upon evidence that Defendants "would have taken the same action even without the protected activity," as supported by their affidavits (R&R, Dkt 87 at PageID.537, citing *Thomas v. Eby*, 481 F.3d 434, 441–42 (6th Cir. 2007)). Plaintiff presented no evidence contradicting Defendants' averments or otherwise creating a genuine issue as to whether Defendants would have taken the same action even without Plaintiff reporting to a supervisor. This objection is without merit.

Third, Plaintiff asserts that when addressing Plaintiff's excessive force and assault and battery claims, the Magistrate Judge "failed to consider the fact that the Defendants falsely declared in their affidavits that the Plaintiff lunged at Defendant West, and that false declaration blatantly contradicts what was depicted in the [T]aser video footage" (Pl. Objs., Dkt 89 at PageID.554; R&R, Dkt 87 at PageID.537-542, 543-544). Plaintiff argues that because Defendants' affidavits contain false statements concerning Plaintiff's conduct and their statements are contradicted by the Taser video footage (Pl. Objs., Dkt 89 at PageID.555), the Magistrate Judge erred in failing to grant Plaintiff's motion for summary judgment of these claims.

Plaintiff's argument is without merit. The Magistrate Judge fully considered the proper legal principles and the evidence, and determined that genuine factual disputes precluded relief for either Plaintiff or Defendants on these claims. The Magistrate Judge clearly did not find the Taser video conclusive (R&R, Dkt 87 at PageID.541). This objection is without merit.

Fourth, Plaintiff asserts that his claim is not barred by *res judicata* based on the ruling in his disciplinary proceeding (*id.* at PageID.555), and, moreover, that the hearing officer's ruling was

incorrect because the factual findings are contradicted by the Taser video footage (*id.* at PageID.556). The Magistrate Judge concluded that "the hearing officer's factual findings enjoy no preclusive effect in this matter" (R&R, Dkt 87 at PageID.541). Plaintiff's continued argument on this issue is immaterial. This objection is without merit.

Fifth, Plaintiff asserts that the Magistrate Judge improperly recommended the denial of Plaintiff's Motion for Summary Judgment on his failure-to-protect claim on the ground that Plaintiff "failed to present any evidence establishing (or reasonably permitting the inference) that Defendants West or Winger had any realistic opportunity to prevent Defendant Morefield from tasing Plaintiff" (R&R, Dkt 87 at PageID.543). Plaintiff asserts that the wall-mounted video, that "the Court has failed to order the Defendants submit," along with Plaintiff's affidavit (Dkt 55) show that Defendants had time, five seconds, in which to stop Defendant Morefield from using the taser the first time, and especially, the second time, when Plaintiff was on the ground (Pl. Objs., Dkt 89 at PageID.556-557).

Contrary to Plaintiff's assertions, neither his affidavit, with a hand-drawn diagram merely showing the location of the parties at the time of the tasing, or his purported timing of events, shows that Defendants West or Winger had a "realistic opportunity to intervene to prevent the harm from occurring" (R&R, Dkt 87 at PageID.543), i.e., to stop Morefield from using the Taser. This objection is denied.

## II. Defendants' Objections

Defendants' first object to the Magistrate Judge's conclusion that Defendants are not "entitled to qualified immunity for their actions in response to what they perceived to be a rapidly unfolding situation involving Plaintiff that potentially could lead to harm to staff" (Def. Objs., Dkt

4

88 at PageID.545; R&R, Dkt 87 at PageID.541-542).  Defendants assert that the cases relied on by the Magistrate Judge all "involve claims of violations of the Fourth Amendment by police officers out of custody situations," and thus "can be distinguished factually" from this case involving Plaintiff's rights under the Eighth Amendment (Def. Objs., Dkt 88 at PageID.545).

Defendants cite *Caldwell v. Moore*, 968 F.2d 595 (6th Cir. 1992), as more akin to the situation presented in this case where "officers used the [T]aser in order to maintain and restore what they believed to be a rapidly unfolding, potentially dangerous situation involving Plaintiff" (Def. Objs., Dkt 88 at PageID.548).  Defendants assert that the proper question is whether "force was applied in a good faith effort to maintain or restore discipline" or whether the force was used "maliciously and sadistically to cause harm" (*id.* at PageID.547-548, citing *Caldwell*, 968 F. 2d at 600).  Defendants state that according to the misconduct hearing report, the rapidly unfolding, potentially dangerous situation was Plaintiff's verbal threat to Defendants prior to the tasing that he would "fuck them up," and that Plaintiff's verbal statements, even without physical resistance, were enough to place Defendants West and Morefield on notice that Plaintiff may attempt to engage in harm against them or other staff.

Defendants' objection is without merit.  The Magistrate Judge did not rely on an incorrect legal standard in denying qualified immunity.  The Magistrate Judge properly concluded that Defendants' claim of qualified immunity must be denied because there are underlying disputes of material fact given the parties' conflicting versions of the events:  "When the legal question of immunity is completely dependent upon which view of the facts is accepted by the jury, the jury becomes the final arbiter of a claim of immunity" (*id.* at PageID.542, quoting *Bouggess v. Mattingly*, 482 F.3d 886, 896 (6th Cir. 2007)).  This objection is denied.

5

Defendants lastly assert that the "Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim for assault and battery" if this Court agrees with Defendants' previous objection (Def Objs., Dkt 88 at PageID.549). Because the Court denies Defendants' objection concerning qualified immunity, this objection is without merit.

### III.  Conclusion

Having found Plaintiff's and Defendants' objections without merit, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that Defendants' Objection (Dkt 88) and Plaintiff's Objection (Dkt 89) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 87) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 49) is GRANTED IN PART AND DENIED IN PART, and Plaintiff's Motion for Summary Judgment (Dkt 57) is DENIED; specifically, with respect to Plaintiff's remaining retaliation and failure to protect claims, Plaintiff's motion is **denied,** and Defendants' motion is **granted**; as to Plaintiff's excessive force and assault and battery claims, Plaintiff's motion is **denied,** and Defendants' motion is **denied**.

6

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.


Dated: September  29 , 2016                       /s/ Janet T. Neff                        
                                                  JANET T. NEFF
                                                  United States District Judge